THE STATE OF NEW JERSEY, v.
JAMES DOLCE, JR., DEFENDANT.

Superior Court of New Jersey
Law Division
(Criminal)

Decided February 1, 1979.

*Mr. Joseph Hillman, Jr.,* for defendant.

*Mr. John F. Hazard, Jr.* for the State (*Mr. Alexander D. Lehrer,* Prosecutor of Monmouth County, attorneys).

SHEBELL, J. S. C. Defendant has applied for conditional discharge status under § 27 of the New Jersey Controlled Dangerous Substances Act, *N. J. S. A.* 24:21–1 *et seq.* Defendant, who is 39 years of age, was arrested following an investigation precipitated by the finding of drugs in the blood of his race-horse which had been in racing competition at a New Jersey track. A search revealed various horse medications illegally in the possession of defendant, for which he

was charged. The controlled dangerous substances, which are the subject matter of the pending charges under *N. J. S. A.* 24:21–20(a)(1), were not intended for and their possession was not related to any human consumption.

Defendant asserts his eligibility for conditional discharge treatment in light of the plain language of *N. J. S. A.* 24:21–27(a), which states that "whenever *any person* * * * is charged with or convicted of *any offense* under subsections 20 a. (1), (2) and (3)," the court may grant such relief upon making the necessary findings under subsection (c) thereof. (Emphasis supplied). He cites the Supreme Court's decisions in the companion cases of *State v. Alston,* 71 *N. J.* 1 (1976), and *State v. Sayko,* 71 *N. J.* 8 (1976), which require that application of the conditional discharge provisions of the statute not be limited only to those persons shown to be drug users. The court in *Sayko* stated, in reaffirming its holding in *Alston*:

> The statute is intended to assist first offenders in turning away from drug involvement before they become too deeply enmeshed and to spare those who successfully respond to the program from the stigma of a criminal record. [71 *N. J.* 13]

The aforesaid holding is in full keeping with the purpose of the statute as announced by Governor William Cahill on April 27, 1970 in his message to the Legislature, "Drug Abuse — Problem of the Decade":

> * * * the proposed act takes a first legislative step at recognizing that use of drugs is a social or medical illness. Thus, with respect to persons charged with use or possession of any dangerous drug for the first time, the act confers upon the Court the new discretionary authority to defer criminal proceedings and to impose a special term of probation.

██ ██ Defendant does not fall within the class of persons for whom the act was intended to provide relief. He urges the court to apply the provisions of the conditional discharge statute so that he will be in a position to gain reinstatement

of his thoroughbred horse trainer license which has been revoked because of the offense in question. The State has a strong interest in seeing to it that persons who may be in a position to interfere with the fair and proper conducting of the racing industry are effectively policed and regulated. See *N. J. S. A.* 5:5–33. The court must not subvert this desired policy by extending the conditional discharge remedy into an area where it was not intended or contemplated. The blind application of the plain language of the statute without regard to its intended use and purpose would bring about an absurd result under the circumstances of the present case.

Defendant's application is denied and the preliminary stay of the proceedings previously entered is vacated.